# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| DAVID A. FUSELIER | : | DOCKET NO. 2:06-cv-0238 Section P |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| WARDEN, CALCASIEU SHERIFF'S PRISON | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for a writ of *habeas corpus* filed by *pro se* petitioner, David A. Fuselier, pursuant to 28 U.S.C. § 2241. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

## FACTS

On November 13, 2002, petitioner was named in a three-count indictment charging the following offenses: conspiracy against civil rights in violation of 18 U.S.C. § 241; intimidation to interfere with housing rights in violation of 42 U.S.C. § 3631(a) and 18 U.S.C. § 2; and using fire or explosives to commit a felony offense prosecutable in a court of the United States in violation of 18 U.S.C. § 844(h)(1) and 18 U.S.C. § 2. *See United States of America v. Fuselier*, 2:02-cr-20116-02, doc. 1.

On February 25, 2003, Petitioner entered a guilty plea to all three counts. *Id.*, doc. 102. On April 10, 2003, Petitioner was sentenced to 37 months imprisonment on Counts One and Two to run concurrently with each other and 10 years imprisonment on Count Three to run consecutively to the other sentence. *Id.,* doc. 123.

Petitioner filed a direct appeal of his conviction and sentence with the Fifth Circuit Court of Appeals. In that appeal, he specifically challenged the court's finding that he was a leader or organizer

of the offense and the consequent four-point increase in his offense level. On April 20, 2004, the Fifth Circuit rejected the petitioner's arguments and affirmed his conviction and sentence. *United States v. Fuselier*, 03-30438 (5th Cir. 2004); *United States of America v. Fuselier*, 2:02-cr-20116-02, doc. 144.

Thereafter on June 3, 2004, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255 in the United States District Court for the Western District of Louisiana. *United States of America v. Fuselier*, 2:02-cr-20116-02, doc. 145. In that Motion to Vacate, the petitioner challenged his conviction and sentence on the following two grounds: (1) his plea was not knowingly entered; and (2) the court erred in finding that he was a leader or organizer of the offense thereby increasing his offense level. Petitioner's arguments were found to lack merit and were dismissed by the district court on January 25, 2005. *Id.,* docs. 149 & 165.

On February 9, 2006, petitioner filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his conviction and sentence on the same two grounds raised in his prior Motion to Vacate under 28 U.S.C. § 2255.

## LAW AND ANALYSIS

Section 2241 is the proper vehicle used to attack the manner in which a sentence is being executed, and §2255 is the proper means of attacking errors that occurred during or before sentencing. *Warren v. Miles*, 230 F.3d 668, 694 (5th Cir. 2000); *Ojo v. INS*, 106 F.2d 680, 683 (5th Cir.1997); *Cox v. Warden, Federal Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990).

Petitioner's claim for *habeas corpus* relief rests entirely upon the premise that the convictions and sentences are invalid based upon events which occurred prior to and during his sentencing. The petition is devoid of any claim solely directed to the manner in which the sentences are being executed. The undersigned is concerned that petitioner expressly filed this petition under § 2241 in order to circumvent the consequences of 28 U.S.C. § 2244(a) which precludes petitioner from filing a successive

2

motion to vacate without obtaining prior authorization from the Fifth Circuit.[1]

A federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the "savings clause" of § 2255 by establishing that the remedy provided for under 28 U.S.C. §2255 is "inadequate or ineffective to test the legality of his detention." *Christopher v. Miles*, 342 F.3d 378, 281 (5th Cir. 2003); *Cox v. Warden, Federal Detention Center*, 911 F.2d 1111 (5th Cir. 1990) citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979). The burden of demonstrating the ineffectiveness of a §2255 petition rests squarely on the shoulders of the petitioner. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam); *Henderson v. Haro*, 01-30852 (unpublished) (5th Cir. 2002)(affirming *Henderson v. Haro*, 2:01-cv-204 (W.D. La.2001)). Two factors must be satisfied before a petitioner may file a §2241 petition in connection with the §2255 savings clause. First, the claim must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Second, it must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first §2255 motion." *Id.*; *Henderson, supra.*

This petition fails to satisfy this test. Petitioner has not made any allegations which would lead this court to conclude that the remedy under §2255 is an inadequate or ineffective means for challenging his detention. The only basis for such a conclusion would be that he has already filed an unsuccessful §2255 motion. However, "a prior unsuccessful §2255 motion, or the inability to meet the AEDPA's second or successive requirement, does not make §2255 inadequate or ineffective." *Jeffers v. Chandler*, 234 F.3d 277, 280 (5th Cir. 2000); *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000); *Henderson, supra*. Therefore, this court finds that Petitioner has not demonstrated that the remedy afforded under

---

[1] 28 U.S.C. § 2255, provides in pertinent part, "A second or successive must be certified as provided in section 2244 by a panel of the appropriate court of appeals. . ."

§2255 is inadequate or ineffective to test the legality of his incarceration or that this court may properly entertain the present application under §2241.

Because petitioner fails to satisfy the savings clause of § 2255, his § 2241 petition should be dismissed for lack of jurisdiction. *See Thomas v. Jeter*, 2005 WL 623503 (N.D. Tex. 2005), citing *Christopher v. Miles*, 342 F.3d at 385.

Accordingly,

IT IS RECOMMENDED that the petition for writ of *habeas corpus* filed pursuant to §2241 be DISMISSED for lack of jurisdiction.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 24th day of April, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE